IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Cedric D. McMillian, Sr.** | | | |
| | Name: First | Middle | | Last |
| Debtor 2 (Spouse, if filing) | | | | |
| | Name: First | Middle | | Last |
| Case number: (If known) | **21-02482** | | | |

Check if this is an amended plan ☑
Amends plan dated: 10/21/2021

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$5000** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2 Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

| 2.3 | **Income tax refunds and returns.** *Check one.* |
|---|---|
| | ☑ Debtor(s) will retain any income tax refunds received during the plan term. |
| | ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any. |
| | ☐ Debtor(s) will treat income tax refunds as follows: _____ |
| | ☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term. |
| 2.4 | **Additional Payment** *Check all that apply.* |
| | ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.* |
| 2.5 | **Adequate Protection Payments** |

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1  Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2  Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3  Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below:
   1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
   2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
   3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| CVI SGP Acquisition Trust | $0.00 | $2,450.27 | Jewelry | $3,000.00 | 5.00% | $50.00 | At Conf |
| Mahindra Finance USA, LLC | $0.00 | $10,145.16 | 2009 JCB Tractor | $12,000.00 | 6.00% | $450.00 | At Conf |
| State of Alabma | $0.00 | $6,102.43 | Personal Property | $477,550.00 | 4.00% | $125.00 | At Conf |

**3.4**    **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

     ☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1**    **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**    **Chapter 13 case filing fee.** *Check one.*

     ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
     ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**    **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,750.00**. The amount of the attorney fee paid prepetition is $**3,750.00**. The balance of the fee owed to Debtor(s)' attorney is $**0.00**, payable as follows (*check one*):

     ☑ $**0** at confirmation and $**0** per month thereafter until paid in full, or
     ☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**    **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

     ☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
     ☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $109,315.00 | See Section 9 | See Section 9 |
| State of Alabama | $19,222.00 | N/A | N/A |

**4.5**    **Domestic support obligations.** *Check one.*

     ☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
     ☑ Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

     ☐ One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? (yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| Beverly Cole McMillian | $106,493.00 | ☑ Yes ☐ No | $2,200.00 | At Conf. |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2     **Percentage, Base, or Pot Plan.** *Check one.*

☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐ Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3     **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
        ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4     **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

        ☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5     **Other separately classified nonpriority unsecured claims.** *Check one.*

        ☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6:   Executory Contracts and Unexpired Leases

6.1     The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

        ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2     The executory contracts and unexpired leases listed below are rejected: *Check one.*

        ☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7:   Sequence of Payments

7.1     Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8:   Vesting of Property of the Estate

8.1     **Property of the estate will vest in Debtor(s)** *(check one)*:

        ☑ Upon plan confirmation.

        ☐ Upon entry of Discharge

### Part 9:   Nonstandard Plan Provisions

        ☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

        ☑ **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

**Upon the entry of the order confirming the plan, the automatic stay shall be terminated to allow IRS to file or re-file Notice(s) of Federal Tax Lien(s) for the tax periods that are listed on the IRS claim. Upon confirmation, the Chapter 13 Trustee shall remit to the IRS a continuing payment of $1,000.00 on the IRS claim. Upon completion of the plan payments due the Chapter 13 Trustee and the entry of a discharge, the Debtor shall make payment arrangements with the IRS to pay the unpaid balance of the total claims sum including accrued interest and penalty. For the tax periods listed on the claim filed by the IRS, the time periods found at 26 U.S.C. §§ 6503(b) and 6503(h) are tolled during the term for repayment period stated in this plan. For the tax periods listed on the claim filed by the IRS, the time periods found at 11 U.S.C. §§ 523 and 507(a)(8) are**

| Debtor | Cedric D. McMillian, Sr. | Case number | 21-02482 | Eff (01/01/2019) |
|---|---|---|---|---|

tolled during the term for repayment period stated in this plan. The tax, interest and penalty including accruals for the tax periods listed on the IRS claim shall not be subject to any discharge the Debtor may receive in this case. During the repayment period for the tax periods listed on the IRS claim, if required, the Debtor shall timely file any and all post-petition federal income tax returns beginning with the tax year 2021, by the due date for each respective tax year which due date shall include any extensions filed by the Debtor. Upon the filing of the applicable federal income tax return for all tax returns for the post-petition tax years beginning with the tax year 2021, to the extent there is a balance due the IRS, the Debtor shall remit the balance due at the time the return is filed with the IRS. The automatic stay is hereby terminated to allow the IRS to offset any post-petition tax refunds beginning with the tax year 2021 against the pre-petition and post-petition tax debt owed by the Debtor to the IRS. In the event that the mortgage holder forecloses on the real estate which secures the mortgage debt owed to same and which is being paid direct by the Debtor, the IRS shall have the right to file a motion to modify the plan to have the full amount of its claim paid during the remaining months of the 60 month term of the plan. The Debtor reserves the right to oppose such a modification on the grounds of feasibility.

### Part 10: Signatures:

Signature(s) of Debtor(s) required.

Signature(s) of Debtor(s) *(required)*:

X  /s/ Cedric D. McMillian, Sr.  
   Cedric D. McMillian, Sr.                           Date  **May 2, 2022**

X  _____                    Date

Signature of Attorney for Debtor(s):  
X  /s/ C. Taylor Crockett                            Date  **May 2, 2022**  
   C. Taylor Crockett  
   2067 Columbiana Road  
   Birmingham, AL 35216  
   (205) 978-3550

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re: )
)
Cedric D. McMillian, Sr., ) Case No.: 21-02482-TOM-13
)
Debtor(s). )

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the party listed below and the attached matrix by electronic filing and/or by placing a copy to each in the U.S. Mail first-class postage prepaid this the 2nd day of May, 2022.

Bradford W. Caraway
Chapter 13 Standing Trustee
P.O. Box 10848
Birmingham, AL 35202-0848

/s/ C. Taylor Crockett
C. Taylor Crockett

| | | | |
|---|---|---|---|
| Label Matrix for local noticing<br>1126-2<br>Case 21-02482-DSC13<br>NORTHERN DISTRICT OF ALABAMA<br>Birmingham<br>Mon May  2 10:19:29 CDT 2022 | U. S. Bankruptcy Court<br>Robert S. Vance Federal Building<br>1800 5th Avenue North<br>Birmingham, AL 35203-2111 | (p)STATE OF ALABAMA DEPARTMENT OF REVENUE<br>P O BOX 320001<br>MONTGOMERY AL 36132-0001 | |
| American InfoSource<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Anna L. Hart, Esq.<br>400 Vestavia Pkwy<br>Suite 100<br>Birmingham, AL 35216-3750 | Beverly Cole McMillian<br>6132 Cathwick Drive<br>Mc Calla, AL 35111-3475 | |
| CVI SGP Acquisition Trust<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Capital One Bank<br>P.O. Box 30281<br>Salt Lake City, UT 84130-0281 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | |
| (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | DIRECTV, LLC by American InfoSource<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Debra Davis Kelley<br>617 Granville Ct<br>Atlanta, GA 30328-3443 | |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | |
| LVNV Funding, LLC c/o Resurgent Capital Serv<br>PO Box 10587<br>Greenville, SC 29603-0587 | Mahindra Finance USA LLC<br>PO Box 2000<br>Johnston, IA 50131-0020 | Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | |
| SANTANDER CONSUMER USA<br>P.O. Box 560284<br>Dallas, TX 75356-0284 | Santander Consumer USA<br>P.O. Box 961245<br>Fort Worth, TX 76161-0244 | Sayco Loan Property Services<br>c/o National Credit Systems<br>P.O. Box 312125<br>Atlanta, GA 31131-2125 | |
| U.S. Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue N<br>Birmingham, AL 35203-2101 | UNITED STATES DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | US Dept of Education/GLE<br>P.O. Box 8973<br>Madison, WI 53708-8973 | |
| Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Card Services<br>P.O. Box 10438<br>MAC F8235-02F<br>Des Moines, IA 50306-0438 | (p)CHAPTER 13 STANDING TRUSTEE<br>ATTN BRADFORD W CARAWAY<br>PO BOX 10848<br>BIRMINGHAM AL 35202-0848 | |
| C Taylor Crockett<br>2067 Columbiana Road<br>Birmingham, AL 35216-2139 | Cedric D. McMillian Sr.<br>208 49th Street<br>Fairfield, AL 35064-1311 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Alabama Department of Revenue<br>Legal Division<br>P.O. Box 320001<br>Montgomery, Alabama 36132-0001 | Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | (d)State of Alabama<br>Department of Revenue/Income Tax Div.<br>P.O. Box 320001<br>Montgomery, AL 36132 |

Bradford W. Caraway
Chapter 13 Standing Trustee
P O Box 10848
Birmingham, AL 35202-0848


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Mahindra Finance USA, LLC<br>P.O. Box 2000<br>Johnston, IA 50131-0020 | (u)Debra Davis Kelley | End of Label Matrix<br>Mailable recipients   28<br>Bypassed recipients    2<br>Total                  30 |